IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CR129 |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN S. BEHRENS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon remand from the United States Court of Appeals for the Eighth Circuit (Filing No. 118). Defendant pled guilty to Count I of the Indictment, which charged defendant, *inter alia*, with violating 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10(b)-5 [hereinafter Rule 10b-5] (Indictment, Filing No. 1, ¶ 36; Plea Agreement, Filing No. 60, ¶ 1). This Court originally sentenced Bryan S. Behrens to 60 months imprisonment and ordered him to pay $6,841,921.90 in restitution. At sentencing, this Court determined defendant was not entitled to assert the no-knowledge defense to imprisonment as provided in 15 U.S.C. § 78ff(a). On appeal, the Eighth Circuit vacated that order, concluding defendant is entitled to assert the no-knowledge defense to imprisonment, and remanded the case to this Court for re-sentencing.

Section 78ff(a) provides any person convicted of violating securities laws shall "be fined not more than $5,000,000, or imprisoned not more than 20 years, or both." It further provides: "[B]ut no person shall be subject to imprisonment under this section for the violation of any rule or regulation if he proves that he had no knowledge of such rule or regulation." *Id.* This provision is often referred to as the "no knowledge" provision. It is "an affirmative defense to a sentence of imprisonment, and the burden to prove the defense is on the defendant." *United States v. Reyes*, 577 F.3d 1069, 1081 (9th Cir. 2009) (citing *United States v. O'Hagan*, 521 U.S. 642, 677 n.23 (1997)). A defendant meets this burden if he proves by a preponderance of the evidence "he did not know of the rule or regulation pursuant to which he was convicted." *United States v. O'Hagan*, 139 F.3d 641, 647 (8th Cir. 1998). Here, defendant must show he was unaware of the existence of a SEC rule or regulation prohibiting the illegal conduct provided in Rule 10b-5. *See United States v. Behrens*, 644 F.3d 754, 755 (8th Cir. 2011) (*citing Reyes*, 577 F.3d at 1081).

Defendant argues he did not know of Rule 10b-5 and he did not know he was violating a SEC rule or regulation and, therefore, under the no knowledge provision, he cannot be imprisoned for his conviction. Defendant has misinterpreted the no-knowledge defense and his burden. Although defendant

-2-

testified at both of his sentencing hearings that he did not know of Rule 10b-5, he testified at his re-sentencing hearing he was aware of the verbatim provisions of Rule 10b-5 and that they proscribed illegal conduct. During the cross-examination of defendant by the government, the following colloquy took place:

> Q. Right. In any event, based on your experience, you knew that it was illegal to fraudulently take money from investors in connection with the purchase or sale of a security, didn't you?
>
> A. Yes.
>
> Q. You knew that it was illegal to make a misrepresentation of a material fact or an omission of a material fact related to the sale or purchase of a security, didn't you?
>
> A. As it relates to a security, yes.
>
> Q. You know that it was legal [*sic*] to engage in a course of conduct which operates as a fraud or deceit upon a person relating to the purchase or sale of a security, didn't you?
>
> A. As it relates to securities, yes.
>
> Q. And you know that – do you know that what I've just read to you is Rule 10b-5?
>
> A. As it relates to securities.

In addition, the record is replete with evidence of frequent compliance meetings he attended which addressed Rule 10b-5.

The only other evidence defendant provided on this defense was the testimony from his attorney Thomas Dahlk that in 2007, defendant was disappointed to have found out his conduct of borrowing money from his investors via promissory notes through his company National Investments Inc. ("NII") required compliance with SEC rules and regulations.  The testimony of defendant, coupled with the testimony of Mr. Dahlk, suggests defendant had knowledge of the existence of a SEC rule or regulation addressing the illegal conduct memorialized in the provisions of 10b-5, but that defendant either thought or hoped his conduct fell outside of those provisions.

Furthermore, the testimony presented by the government at both sentencing hearings evidences defendant's consciousness of his wrongdoing.  Such evidence includes defendant's failure to file tax returns or prepare financial statements for NII during the time frame of the scheme to defraud, defendant's decision to keep NII a secret from his Certified Public Account and employers at Sunset Financial Services and Kansas City Life Insurance Company, and defendant's conduct of forbidding his NII employees to discuss anything about NII and transferring the monies from the NII investors to various bank accounts controlled by

defendant, concealing the source of the funds. *See Reyes*, 577 F.3d at 1081-82. Thus, defendant has failed to carry his burden on this no-knowledge defense to imprisonment. Accordingly,

IT IS ORDERED:

1) Defendant is not entitled to the protection of 15 U.S.C. § 78ff(a).

2) Sentencing in this matter is scheduled for:

**Thursday, November 3, 2011, at 9:30 a.m.**

Courtroom No. 5, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

DATED this 28th day of October, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court